(15 Misc. Rep. 36.)

ROUGE v. ROUGE.

(Superior Court of New York City, General Term. December 18, 1895.)

RETROACTIVE STATUTE—EXTENDING REMEDY BY ATTACHMENT.
    Laws 1895, c. 578, § 1 (amending Code Civ. Proc. § 635, by extending the right of attachment to actions for personal injuries), relates solely to the remedy, and therefore applies to actions for injuries occurring before it took effect.

Appeal from special term.

Action by Margaret Elizabeth Rouge against Gabriel Mark Rouge for personal injuries. From an order denying a motion to vacate an attachment by reducing the amount of the attachment (35 N. Y. Supp. 836), defendant appeals. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

David Murray, for appellant.
Edward Gebhard, for respondent.

GILDERSLEEVE, J. This action is for a personal injury. The plaintiff procured an attachment to be issued for the amount demanded in the complaint. The defendant appeared specially,

for the purpose of moving to set aside the attachment, on the ground that the papers upon which it was granted were insufficient. The motion was decided adversely to defendant, and an order was entered sustaining the attachment, but reducing the amount for which defendant's property was seized or impleaded to the sum of $2,500. The appeal before us is from this order.

It is first urged by the appellant that the superior court of the city of New York has no jurisdiction in the case, for the reason that it does not appear that plaintiff is a resident of the city of New York. This ground is obviously untenable, inasmuch as in the plaintiff's uncontradicted affidavit, upon which the attachment was granted, she swears that she is "now residing in the city of New York."

The claim of the defendant that the granting of the attachment, under the facts as they appear, give a retroactive effect to the provisions of section 635 of the Code of Civil Procedure, which went into operation September 1, 1895, cannot be maintained. The action was not commenced until after September 1, 1895. The statute in question did not create the cause of action, but is only remedial.

The plaintiff seems to have met all the requirements of section 635 of the Code. For these reasons, and the reasons stated in the opinion of the learned special term judge, the order appealed from should be affirmed, with $10 costs and disbursements.